IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESTATE OF AMADOR HERNANDEZ, JR., AMADOR HERNANDEZ, III, Individually and as Representative of the ESTATE OF AMADOR HERNANDEZ, JR., AMANDA YVETTE HERNANDEZ AND MICHAEL HERNANDEZ** | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **CIVIL ACTION No. 3:12-cv-04859-M** |
| **UNITED STATES OF AMERICA, DEPARTMENT OF VETERAN AFFAIRS, MATTHIAS PELTZ, M.D., SHAFI MOHAMED, M.D. and PHILIP L. SLADEK, M.D.** | § | **ECF** |
| **Defendants.** | § | |

## BRIEF IN SUPPORT OF DEFENDANT MATTHIAS PELTZ, M.D.'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Matthias Peltz M.D. ("Defendant"), one of the Defendants in the above-entitled and numbered cause, and files this Brief in Support of his Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[1] and/or Motion for Summary Judgment under Federal Rule of Civil Procedure 56, pursuant to Section 101.106(f) of the TEXAS CIVIL PRACTICE & REMEDIES CODE and asks that all claims against him in this action be dismissed with prejudice. In support thereof Dr. Peltz respectfully shows the Court as follows:

[1] Both defenses were raised in Defendant's Original Answer filed with the Court on December 27, 2012.

BRIEF IN SUPPORT OF DEFENDANT MATTHIAS PELTZ, M.D.'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT – Page 1
Document #: 208438

## I.
## BACKGROUND

This is a healthcare liability claim governed by Chapter 74 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Plaintiffs seek recovery from Defendant Matthias Peltz, M.D., for alleged medical malpractice.[2] The Plaintiffs allege Dr. Peltz was negligent in relation to: 1) the performance of a Video-Assisted Thoracic Surgery ("VATS") wedge resection with frozen biopsy of a nodule in Amador Hernandez Jr.'s lung on September 20, 2010; 2) a subsequent procedure to prepare the lung for a potential lobectomy also on September 20, 2010; 3) a Right Upper Lobe resection on September 23, 2010; and 4) failure to properly treat Mr. Hernandez following the second surgery. Plaintiffs assert that such alleged negligence of Dr. Peltz and other health care providers proximately caused the death of Mr. Hernandez on December 22, 2010. At the time he rendered the care to Mr. Hernandez at issue in this case, Dr. Peltz was an employee of The University of Texas Southwestern Medical Center, which is a "governmental unit" as defined by Texas statutes, thus the claims against him must be dismissed pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE Section 101.106(f). As Dr. Peltz is immune from suit, the court lacks subject matter jurisdiction over the claims asserted against him.

## II.
## EVIDENCE

Exhibit "A" – Plaintiffs' Original Complaint, Appx. 001-013;
Exhibit "B" – Affidavit of Matthias Peltz, M.D.[3], Appx. 0014-0016;
Exhibit "B-1" – Dr. Peltz' Memorandum of Appointment, Appx. 0017-0019;
Exhibit "B-2" – Dr. Peltz' Wage and Tax Statement for 2010, Appx. 0020-0021;
Exhibit "C" – Affidavit of Latoya Moore, Appx. 0022-0023.

---

[2] *See* Plaintiff's Original Complaint filed with the Court on November 29, 2012, Exhibit "A" at Appx. 001-0013.
[3] Personal information in the exhibits has been redacted pursuant to Federal Rule of Civil Procedure 5.2(a).

## III.
## ARGUMENT AND AUTHORITIES

### 1. Grounds for this alleged cause of action.

The Plaintiff filed suit against Dr. Peltz, an employee of The University of Texas Southwestern Medical Center at Dallas. At the time of the allegations made the basis of this lawsuit, Dr. Peltz was acting within the general scope of his employment with The University of Texas Southwestern Medical Center at Dallas. Based on Texas case law and statutory authority, Dr. Peltz should be dismissed as a named Defendant.

This suit is governed by TEXAS CIVIL PRACTICE & REMEDIES CODE Section 101.106(f) which provides:

> *If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.*[4]

If a lawsuit is filed against a governmental employee based upon conduct in the general scope of the employee's employment, and if the lawsuit could have been brought under the TEXAS TORT CLAIMS ACT against the governmental unit, the lawsuit is considered to be against the employee in his official capacity only.[5] Pursuant to the statute, the lawsuit against the employee shall be dismissed.[6]

---

[4] TEX. CIV. PRAC. & REM. CODE § 101.106(f).

[5] *See* TEXAS CIVIL PRACTICE & REMEDIES CODE §101.106(f); s*ee also George v. Harris County*, 2012 U.S. Dist. LEXIS 94318 at *38, 2012 WL 2744332 at *14 (S.D. Tex., July 9, 2012).

[6] *See* TEXAS CIVIL PRACTICE & REMEDIES CODE §101.106(f); *Bordges v. City of Flower Mound,* 2011 U.S. Dist. LEXIS 132456 at *13-14 (E.D. Tex., Oct. 14, 2011), *adopted by* 2011 U.S. Dist. LEXIS 131918 (E.D. Tex., Nov. 15, 2011); *see also Tapp v. Valenza*, 2012 U.S. Dist. LEXIS 109636 at *10-12 (S.D. Tex., Aug. 6, 2012).

**2. Dr. Peltz was employed by a governmental unit.**

Dr. Peltz was first employed by The University of Texas Southwestern Medical Center at Dallas in July 2009 and has been continuously employed by that entity to the present time. Plaintiffs have alleged acts of negligence against Dr. Peltz that took place while he was engaged in activities/conduct within the general scope of his employment with The University of Texas Southwestern Medical Center at Dallas. At the time of the alleged negligent medical treatment and care, Dr. Peltz was employed full time in the Department of Cardio-thoracic Surgery at The University of Texas Southwestern Medical Center at Dallas. Dr. Peltz was wholly compensated by The University of Texas Southwestern Medical Center at Dallas for his services. He was not an employee of the United States of America, Department of Veterans Affairs ("VA") at the time he provided care to Mr. Amador, he was not compensated by the VA, nor did the VA control or have the right to control the manner in which he treated Mr. Amador or any other patient.[7] The evidence presented confirms without question that Dr. Peltz was an employee of The University of Texas Southwestern Medical Center at Dallas at the time he provided medical care or healthcare treatment to Amador Hernandez, Jr. and that he was not an employee of the VA.

The University of Texas Southwestern Medical Center at Dallas is a "governmental unit" as defined by Section 101.001 of the TEXAS CIVIL PRACTICE & REMEDIES CODE,[8] Chapter 312 of the TEXAS HEALTH & SAFETY CODE,[9] and Chapter 61 of the TEXAS EDUCATION CODE.[10]

---

[7] *See* Affidavit of Matthias Peltz, M.D., Exhibit "B" at Appx. 0014-0016; Dr. Peltz' Memorandum of Appointment (redacted), Exhibit "B-1" at Appx. 0017-0019; and Dr. Peltz' Wage and Tax Statement for 2010 (redacted) at Exhibit "B-2", Appx. 0020-0021. *See also*, the Affidavit of Latoya Moore, Exhibit "C," Appx. 0022-0023.

[8] *See* Exhibit "D," Chapter 101 of the TEXAS CIVIL PRACTICE & REMEDIES CODE at Appx. 0024-0040. *See Section* 101.001(3).

[9] *See* Exhibit "E," Chapter 312 of the TEXAS HEALTH & SAFETY CODE at Appx. 0041-0042.

[10] *See* Exhibit "F," TEXAS EDUCATION CODE, Chapter 61, Subchapter A, at Appx. 0043-0047. *See* Section 61.003(5) and (8). *See also Franka v. Velasquez*, 332 S.W.3d 367, 372, fn. 15 (Tex. 2011), *citing Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 354, fn.5 (Tex. 2004) which held University of Texas Southwestern Medical Center at Dallas is a governmental unit under the Texas Tort Claims Act. *See* the *Franka* opinion Exhibit "G," at Appx. 0048-0071. *See also* Exhibit "H," TEXAS EDUCATION CODE Section 65.02(a)(7) at Appx. 0072-0074.

**3. Dr. Peltz was acting in the scope of his employment as a physician.**

The statute clearly states that if a lawsuit is filed against a governmental employee, based upon conduct within the scope of the employee's employment with the governmental unit (here Dr. Peltz' employment as a physician with The University of Texas Southwestern Medical Center at Dallas), and if the lawsuit "could have been brought under this chapter" (TEXAS TORT CLAIMS ACT) against the governmental unit (The University of Texas Southwestern Medical Center at Dallas), the lawsuit is considered to be against the employee in his official capacity only.[11] Plaintiffs allege that Dr. Peltz' medical care and treatment caused and/or contributed to Mr. Hernandez' injuries and death. Plaintiffs' allegations against Dr. Peltz are for actions performed within the scope of his employment as a physician at The University of Texas Southwestern Medical Center at Dallas.

**4. Suit could have been brought against the governmental unit.**

The criteria for determining whether suit could have been brought under the TEXAS TORT CLAIMS ACT against the governmental unit is governed by the Texas Supreme Court case of *Franka v. Velasquez*.[12] The *Franka* case establishes as a matter of law that the Plaintiffs' claims against Dr. Peltz could have been brought against The University of Texas Southwestern Medical Center at Dallas under the ACT, regardless of whether the claims fell within the TEXAS TORT CLAIMS ACT waiver of immunity.

In *Franka*, the Court ruled that the "brought under this chapter" language of Section 101.106(f) did not "only encompass tort claims for which the TORT CLAIMS ACT waives

[11] TEXAS CIVIL PRACTICE & REMEDIES CODE §101.106(f).
[12] *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011).

immunity."[13] Rather, the Court ruled the scope of the language covers "all [common law] tort theories alleged against a governmental unit."[14]

The Texas Supreme Court went on to hold that:

> Properly construed, *Section 101.106(f)*'s two conditions are met in almost every negligence suit against a governmental employee: he acted within a general scope of his employment, and suit could have been brought under the Act – that is, his claim is in tort and not under another statute that independently waives immunity. In such cases, the suit "is considered to be against the employee in the employee's official capacity only", and the plaintiff must promptly dismiss the employee and sue the government instead.[15]

In closing, the Supreme Court stated "accordingly, we hold that for Section 101.106(f), suit 'could have been brought' under the ACT against the government regardless of whether the ACT waives immunity from suit."[16]

The *Franka* case is directly on point. Dr. Peltz is a health care provider. When he rendered the care at issue, Dr. Peltz was the employee of a unit of government, The University of Texas Southwestern Medical Center at Dallas, and was acting within the scope of his employment with that governmental unit. The only issue is whether or not Plaintiffs' negligence claims against Dr. Peltz "could have been brought" under the ACT against The University of Texas Southwestern Medical Center at Dallas. The Texas Supreme Court decision in *Franka* unequivocally dictates that the answer is yes. Therefore, the proper disposition of this case is the granting of Dr. Peltz' Motion to Dismiss and his dismissal from this action.

**5. Dismissal is mandatory.**

Section 101.106(f) mandates that Dr. Peltz should be dismissed from this lawsuit with prejudice as he has immunity. Therefore, under Federal Rule of Civil Procedure 12(b)(1) the

[13] *Franka* at 369, *quoting Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 658 (Tex. 2008).
[14] *Id.*
[15] *Id.* at 381.
[16] *Id.* at 385.

Court lacks subject matter jurisdiction over the claims.[17] Moreover, Plaintiffs fail to state a claim against Dr. Peltz that gives rise to legal liability under 12(b)(6). The claims are likewise ripe for dismissal under Federal Rule of Civil Procedure 56 as no genuine issue of material fact exists and Dr. Peltz is entitled to judgment as a matter of law.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Matthias Peltz, M.D., respectfully requests and prays the Court to:

(1) **GRANT** Defendant's Motion to Dismiss in all things and dismiss this cause of action against Matthias Peltz, M.D., under TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 101.106(f) with prejudice;

(2) **GRANT** Defendant's Motion for Summary Judgment in all things and dismiss this cause of action against Matthias Peltz, M.D., under TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 101.106(f) with prejudice;

(3) **ORDER** that Defendant recover his costs herein;

(4) **ENTER** a final judgment as to Dr. Peltz under Federal Rule of Civil Procedure 54(b); and

(5) **ORDER** that Defendant be awarded such other and further relief, both special and general, at law or in equity, to which Defendant may show himself justly entitled to receive.

[17] *See Rodriguez v. Christus Spohn Health Sys., Corp.,* 628 F.3d 731, 737-738 (5th Cir. 2010) (finding Rule 12(b)(1) dismissal should be granted under § 101.106(e)).

Respectfully Submitted,

**STINNETT THIEBAUD & REMINGTON L.L.P.**

/s/ Philipa Remington
**PHILIPA M. REMINGTON**
**ATTORNEY IN CHARGE**
State Bar No. 16766100
premington@strlaw.net
**CATHRYN R. PATON**
State Bar No. 00797216
cpaton@strlaw.net

4800 Fountain Place
1445 Ross Avenue
Dallas, TX 75202
(214) 954-2200
(214) 754-0999 (Facsimile)
**ATTORNEYS FOR DEFENDANT MATTHIAS PELTZ, M.D.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record on this the 11TH day of January, 2013.

**Eric D. Fein**
THE FEIN LAW FIRM, P.C.
15455 N. Dallas Parkway
Suite 1225
Addison, Texas 75001

**Dimitri N. Rocha**
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699

OF COUNSEL:
**Joanne Hurtekant**
Staff Attorney
VA Office of Regional Counsel, Region 2
Dallas, Texas 75216

/s/ Philipa Remington
**PHILIPA REMINGTON**